UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TIMOTHY A. HORNE,                   :
                                    :
          Plaintiff,                :     Civ. No. 16-5620 (NLH) (AMD)
                                    :
     v.                             :     OPINION
                                    :
CHERRY HILL OFFICE                  :
OF THE FEDERAL BUREAU               :
OF INVESTIGATIONS, et al.,          :
                                    :
          Defendants.               :
_____:

APPEARANCES:

Timothy A. Horne
000249663C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

     Plaintiff Pro se

Craig Carpenito, United States Attorney
Kruti D. Dharia, Assistant United States Attorney
Office Of The U.S. Attorney
District Of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

     Attorneys for Defendants Marcus Hicks and Gary Lanigan

HILLMAN, District Judge

     Plaintiff Timothy A. Horne is proceeding on his second

amended complaint raising claims under the Freedom of

Information Act, ("FOIA"); Bivens v. Six Unknown Named Agents of

Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and the Federal

Tort Claims Act, ("FTCA").  Defendants United States and Vito

Roselli now move to dismiss the Bivens and FTCA claims.[1]  ECF No.

43.[2]  Plaintiff has not submitted any opposition to the motion.

For the following reasons, the motion to dismiss will be

granted.

I. BACKGROUND

On September 15, 2016, Defendant Federal Bureau of

Investigation ("FBI") removed Plaintiff's FOIA complaint to this

Court.  ECF No. 1.  After Plaintiff filed a series of

submissions proposing to amend his complaint, the Court

terminated the pending motions and ordered Plaintiff to file a

second amended complaint containing all the claims he wished to

raise before the Court.  ECF No. 27.  Plaintiff filed his second

amended complaint on December 8, 2017.  ECF No. 30.

---

[1] According to Defendants' moving papers: "The FBI is reviewing
Plaintiff's FOIA request again and intends to release some pages
of the documents he requested by March 30, 2018.  The Government
requests that Plaintiff inform the Court within 30 days of
receipt whether he is satisfied with the disclosure or whether
he intends to proceed with his FOIA claim."  ECF No. 34-1 at 7
n.1.  As no request to dismiss the FOIA claim has been filed,
the Court presumes Plaintiff intends to proceed on his FOIA
claims.  The Court shall order the Clerk to reactivate
Plaintiff's motion for a Vaughn Index, ECF No. 7 as stated in
its June 8, 2017 order.  ECF No. 21.

[2] Defendants' submissions are docketed at ECF No. 34 as this
Court terminated the motion while a decision on Plaintiff's
second amended complaint was pending.

Plaintiff alleges he was a paid informant with the FBI and that Agent Roselli was his handler.  Id. at 4.  On August 28, 2013, Plaintiff shot his girlfriend, J.R.  Plaintiff asserted the shooting was accidental and took place because "he and J.R. were 'tussling' over the gun as she questioned him about being a 'snitch.'"  State v. Horne, No. A-0448-15T2, 2018 WL 2341160, at *3 (N.J. Super. Ct. App. Div. May 24, 2018), certif. denied, 203 A.3d 908 (N.J. 2019).  He was convicted of "second-degree aggravated assault, N.J.S.A. 2C:12-1b(1) (causing serious bodily injury (SBI)); third-degree aggravated assault, N.J.S.A. 2C:12-1b(2) (causing bodily injury with a firearm); fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4) (knowingly pointing a firearm at another with extreme indifference to the value of human life); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a; and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b."  Id.  "In a separate trial that immediately followed, the same jury convicted defendant of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7b."  Id.

Agent Roselli testified at Plaintiff's trial that Plaintiff had asked him "to try and get him out of this."  ECF No. 30 at 27.  He also testified that Plaintiff was not permitted to break the law "[f]or any reason" while being an informant.  Id. at 39. In his second amended complaint, Plaintiff alleges Agent Roselli

3

"lied about the contours/parameters of the contract that Complainant had entered into (i.e., he denied that Complainant had 'amended' the contract to inure to . . . the alleged 'victim's' benefit and that Complainant was not permitted to carry a weapon) . . . ." Id. at 4.  Plaintiff also alleged that Agent Roselli did not produce the actual contract Plaintiff signed but instead "'produced' a 'blank copy' of a 'newer version' of the contract(s) that the FBI then used; but, waxed ill prepared regarding th[sic] 'actual contract' that Complainant 'did' sign . . . ." Id.  Plaintiff alleges that the actual contract contained provisions that stated "'self-preservation is key'" and "'J.R.' was to be secure from prosecution as a[n] anxillary [sic] target of the FBI." Id.  He asserts the contract would have supported his self-defense argument at trial.  Id.

The second amended complaint raised breach of contract, unjust enrichment, bad faith, and fraudulent inducement claims against Agent Roselli.  Id. at 8-9.  Plaintiff seeks "'25%' of the total net-value of all assets forfeitures, as per contract, stemming from the 'Sheridan Street Operation'" and $310,000 from Agent Roselli.  Id. at 9.  Plaintiff further alleges the Takings Clause was violated.  Id. at 8.

Defendants Agent Roselli and the United States now move for dismissal of all claims except the FOIA claims.  ECF No. 34.

4

Defendants argue that Plaintiff failed to exhaust his FTCA
remedies and the breach of contract claim is barred by statute.
Id.  They also assert he has failed to state a claim under
Bivens.  ECF No. 34-1 at 12.  Plaintiff has not filed opposition
to the motion.

II. STANDARD OF REVIEW

A party may move to dismiss a complaint for lack of subject
matter jurisdiction under Federal Rule of Civil Procedure
12(b)(1).  Because federal courts are courts of limited
jurisdiction, the party seeking to invoke the court's
jurisdiction bears the burden of proving the existence of
subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins.
Co., 511 U.S. 375, 377 (1994).  The court's jurisdiction may be
challenged either facially (based on the legal sufficiency of
the claim) or factually (based on the sufficiency of a
jurisdictional fact).  Gould Elecs. v. U.S., 220 F.3d 169, 178
(3d Cir. 2000), modified on other grounds by Simon v. United
States, 341 F.3d 193 (3d Cir. 2003).

A facial attack "challenges subject matter jurisdiction
without disputing the facts alleged in the complaint, and it
requires the court to 'consider the allegations of the complaint
as true.'"  Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir.
2016) (quoting Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3
(3d Cir. 2006)).  The defendant bears the burden of showing no

5

claim has been stated.  "In contrast, in a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. The plaintiff has the burden of persuasion to convince the court it has jurisdiction."  Gould Elecs., 220 F.3d at 178.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an

6

entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

III. DISCUSSION

A.   Federal Tort Claims Act

Defendants move to dismiss the tort claims of "bad faith," "unjust enrichment,"[3] and "fraudulent inducement." They raise a "factual attack because the motion challenge[s] whether the District Court actually ha[s] subject matter jurisdiction based on the facts alleged." CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008), as amended (Sept. 29, 2008).

---

[3] "The Restatement of Torts does not recognize unjust enrichment as an independent tort cause of action. Unjust enrichment is of course a familiar basis for imposition of liability in the law of contracts. However, the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion." Castro v. NYT Television, 851 A.2d 88, 98 (N.J. Super. Ct. App. Div. 2004) (citing Restatement (Second) of Contracts § 345(d) (1981)). Because New Jersey state law does not recognize a separate unjust enrichment tort, it cannot be an independent FTCA claim. See S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012) (noting FTCA creates liability for the United States "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). The Court considers the unjust enrichment claim as part of Plaintiff's contract claims.

All tort claims against Agent Roselli must be dismissed because "[t]he Government is the only proper defendant in a case brought under the FTCA." Id. at 138 n.2.  The FTCA requires a district court to substitute the United States for a federal official as the defendant in a tort action if the Attorney General certifies that the federal official was acting within the scope of his or her employment.  28 U.S.C. § 2679(d)(1). The United States submitted a certification that Agent Roselli was acting within the scope of his employment during the events alleged in the second amended complaint, ECF No. 34-3; therefore, the Court must substitute the United States as the defendant in the tort claims.

Having identified the proper defendant, the Court must now dismiss the tort claims against the United States for lack of jurisdiction.  "As the Supreme Court has stated, '[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  CNA, 535 F.3d at 140-41 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)) (alteration in original).  The FTCA acts as a limited waiver of that immunity, "and permits suits against the United States for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a

private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1)).

The United States argues Plaintiff failed to exhaust his administrative remedies before filing this suit.  The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies."  McNeil v. United States, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).  In order to exhaust his remedies, a plaintiff suing under the FTCA must present the offending agency, in this case the FBI, with notice of the claim, including a "sum certain" demand for monetary damages.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010).  Exhaustion is complete when either the agency denies the claim or six months have passed without a written denial of the claim.  28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015); see also White-Squire, 592 F.3d at 457 ("Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional.")  Id.

The United States submitted the declaration of FBI
Discovery Processing Unit Chief Deborah A. Crum.  ECF No. 34-2.
Ms. Crum declared that a search of the FBI's Central Records
System did not find an administrative claim submitted by
Plaintiff.  Id. ¶¶ 3-4.  Plaintiff has not submitted anything to
indicate otherwise.  Because Plaintiff did not comply with the
notice provision of the FTCA, the Court lacks jurisdiction over
any tort claim.[4]  Therefore, all tort claims against the United
States are dismissed without prejudice.

B.   Bivens Claims

Defendants argue Plaintiff has failed to state a claim for
relief under Bivens v. Six Unknown Named Agents of Fed. Bureau
of Narcotics, 403 U.S. 388 (1971).  Plaintiff states in the
second amended complaint that Agent Roselli violated 42 U.S.C. §
1981, et seq., Article VI, clause 1, and the Takings Clause of
the Fifth Amendment.  ECF No. 30 at 8.  Although it is not clear
whether Plaintiff intended it to be a separate cause of action,
he also suggests he would not have been convicted had Agent
Roselli produced the contract and testified truthfully about its
contents.

---

[4] The Court will not address the intentional tort exception
because the Court lacks jurisdiction over the merits of the FTCA
claim.

The first clause of Article VI provides that "All Debts contracted and Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation."  U.S. const. Art. VI.  This has no relevance to the current matter as any contract between Plaintiff and the United States was not entered into "before the Adoption of this Constitution."  Id.  This claim is without legal basis.

Plaintiff has not stated a claim for relief under § 1981 or its related statutes.  Section 1981 prohibits race discrimination in contracts:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  To state a § 1981 claim, a plaintiff must allege "(1) [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts."  Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

11

There is no indication Plaintiff was discriminated against on the basis of race. Because Plaintiff is not asserting claims against state actors, § 1981 and its related statutes are inapplicable.

Plaintiff also asserts a claim under the Takings Clause of the Fifth Amendment.  "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2167 (2019) (quoting U.S. Const. amend. V) (alteration in original).  "The Tucker Act, which provides the standard procedure for bringing such claims, gives the Court of Federal Claims jurisdiction to 'render judgment upon any claim against the United States founded either upon the Constitution' or any federal law or contract for damages 'in cases not sounding in tort.'" Id. (quoting 28 U.S.C. § 1491(a)(1)).

Plaintiff appears to assert that the failure to pay him the 25 percent of the seized Sheridan Street Gang assets per the contract's alleged terms constitutes a Takings Clause violation. The assets were seized as part of a law enforcement investigation; "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed. Cir. 2008); accord Germano v. United

12

States, No. 2:14-CV-06330, 2015 WL 4138997, at *8 (D.N.J. July 9, 2015).  "The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."  Bennis v. Michigan, 516 U.S. 442, 452 (1996).

As the Sheridan Street Gang assets were not seized using eminent domain, Plaintiff does not have a Takings Clause claim against Defendants.  This claim is dismissed with prejudice.

To the extent the second amended complaint seeks to challenge the validity of Plaintiff's criminal convictions, the claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  512 U.S. at 486-87.

There is no indication that Plaintiff's convictions have been overturned; therefore, Plaintiff is advised that he may not challenge his convictions' validity in this action.  To the

extent such claims are in second amended complaint, they are dismissed without prejudice.

C.   Breach of Contract

Defendants further argue that the Court lacks jurisdiction over the breach of contract claims.  The Court agrees and dismisses the breach of contract claims without prejudice.

"The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  "Jurisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act, as codified at 28 U.S.C. §§ 1346, 1491, because it is only under the terms of the Tucker Act that the United States waives its sovereign immunity to non-tort claims seeking monetary relief."  Chabal v. Reagan, 822 F.2d 349, 353 (3d Cir. 1987).

Plaintiff's second amended complaint seeks $310,000 and 25 percent of the total asset forfeiture from the "Sheridan Street Gang" as part of his breach of contract claim.  ECF No. 30 at 8-9.  "Under the Tucker Act, the United States Claims Court and district courts share original jurisdiction over non-tort

monetary claims against the United States not exceeding $10,000. Original jurisdiction over such claims seeking more than $10,000 vests exclusively in the Claims Court." Chabal, 822 F.2d at 353 (citing 28 U.S.C. §§ 1346(a)(2), 1491). Because Plaintiff seeks more than $10,000, Plaintiff must file his contract claims in the Court of Federal Claims.

IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted. Plaintiff's contract and FTCA claims will be dismissed for lack of jurisdiction. Plaintiff's Bivens claims will be dismissed without prejudice, with the exception of the Takings Clause claim that will be dismissed with prejudice. Plaintiff's FOIA claims may proceed, and the Clerk shall reinstate Plaintiff's motion for a Vaughn index.

An appropriate Order follows.


Dated: __May 21, 2020__          __s/ Noel L. Hillman__
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.