```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TIMOTHY A. HORNE,

    Plaintiff,                    1:16-cv-05620-NLH-AMD

    v.                         **MEMORANDUM OPINION &**
                                    **ORDER TO SHOW CAUSE**

CHERRY HILL OFFICE OF THE
FEDERAL BUREAU OF
INVESTIGATIONS
CUSTODIAN OF RECORDS, UNITED
STATES, SPECIAL AGENT VITO
ROSELLI,

    Defendants.

**APPEARANCES:**

TIMOTHY A. HORNE
000249663C
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302

    Appearing *pro se*

KRUTI D. DHARIA
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

    On behalf of Defendants

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Timothy A. Horne had filed a complaint raising claims under the Freedom of Information Act, ("FOIA"), Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,

403 U.S. 388 (1971), and the Federal Tort Claims Act, ("FTCA"); and

WHEREAS, on May 21, 2020 (Docket No. 44), this Court dismissed Plaintiff's Bivens and FTCA claims, but the Court permitted Plaintiff's FOIA count to proceed,[1] and the Court directed the Clerk to reinstate Plaintiff's motion for a Vaughn index[2]; and

WHEREAS, currently pending is Plaintiff's "MOTION Pursuant to Vaughn" (Docket No. 7),[3] which requests "a detailed

---

[1] The FOIA count proceeded because Defendants had not moved to dismiss that count.  The Court noted, "According to Defendants' moving papers: 'The FBI is reviewing Plaintiff's FOIA request again and intends to release some pages of the documents he requested by March 30, 2018.  The Government requests that Plaintiff inform the Court within 30 days of receipt whether he is satisfied with the disclosure or whether he intends to proceed with his FOIA claim.'  ECF No. 34-1 at 7 n.1.  As no request to dismiss the FOIA claim has been filed, the Court presumes Plaintiff intends to proceed on his FOIA claims."  (Docket No. 44 at 2 n.1.)

[2] A Vaughn index is designed to "transform a potentially ineffective, inquisitorial proceeding against an agency that controls information into a meaningful adversarial process" by identifying each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption.  The justification for withholding provided by the agency in a Vaughn index may take any form as long as the agency offers a "reasonable basis to evaluate [it]s claim of privilege."  Abdelfattah v. U.S. Dept. of Homeland Sec., 488 F.3d 178, 183 n.3 (3d Cir. 2007) (quoting Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 984 (3d Cir. 1981); Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).

[3] Plaintiff's motion was filed shortly after he filed his

2

justification for allegations contained in the Defendant's previous Administrative denial that the requested documents are exempted from disclosure under the FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq[.], including an itemization and index of the documents claimed to be exempt, correlating specific statements in such justification with actual portions of the requested documents" under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973); and

    WHEREAS, on June 3, 2020, Defendant represented to the Court the following regarding Plaintiff's motion for a Vaughn index:

> On February 22, 2018, the FBI sent Plaintiff the documents he requested through FOIA, and re-sent the documents to him in October 2018. To date, we have not heard from Plaintiff as to whether he is dissatisfied with the release of documents. Because Plaintiff has not raised any issues with the FBI's production in more than the two years that have passed since the FBI first provided its response to his FOIA request, it appears that he is satisfied with the production. We therefore respectfully ask the Court to dismiss his request for a *Vaughn* index as moot and close this case.

(Docket No. 46); and

---

original complaint on September 15, 2016. Thereafter, the action – and accordingly the motion – was administratively terminated. The action was subsequently re-opened, and in consideration of Defendants' motion to dismiss, the Court dismissed all counts in Plaintiff's complaint except for his count under FOIA. The Court re-activated Plaintiff's "MOTION Pursuant to Vaughn," which as explained herein, is effectively a motion for discovery to support Plaintiff's count against Defendants for a violation of FOIA.

WHEREAS, the Court notes that Plaintiff's last contact with the Court was a May 13, 2019 letter, in which he requested clarification on the status of his case and his pending request for default judgment; and

WHEREAS, since that time, the Court denied Plaintiff's motion for default judgment on October 21, 2019 (Docket No. 42), and granted Defendants' motion to dismiss on May 21, 2020 (Docket No. 44, 45), to which Plaintiff did not file an opposition or any other response; and

WHEREAS, the Court notes that an "order requiring a Vaughn index is in essence no different than an ordinary discovery order," as it "does not accord a requester any of the substantive relief s/he seeks, nor does it protect the substance of the matter, . . . but [r]ather, the index is a tool for determining the requester's substantive rights," Hinton v. Department of Justice, 844 F.2d 126, 131 (3d Cir. 1988); and

WHEREAS, under FOIA, which is Plaintiff's sole pending count, "a government agency must promptly release agency documents, upon request, subject to nine specific statutory exemptions.  If the agency fails to release the requested information, and all administrative remedies have been exhausted, the individual seeking the information can obtain review of the agency's denial in federal district court," Manna v. U.S. Dept.

4

of Justice, 832 F. Supp. 866, 870 (D.N.J. 1993) (citations omitted); and

    WHEREAS, the Court is unable to assess Plaintiff's motion for a Vaughn index, which will then permit the Court to determine whether Plaintiff's substantive rights under FOIA have been violated, without Plaintiff's response to Defendant's February 2018 and October 2018 document productions and his active participation in his case;

    THEREFORE,

    IT IS on this \_\_\_15th\_\_\_ day of \_\_\_December\_\_\_, 2020

    ORDERED that Plaintiff's "MOTION Pursuant to Vaughn" [7] be, and the same hereby is, DENIED without prejudice to Plaintiff's right to refile such a motion if Defendants have failed to respond to Plaintiff's discovery request; and it is further

    ORDERED that Plaintiff shall show cause within 20 days of today as to why the remaining count in Plaintiff's complaint for a violation of FOIA should not be dismissed for lack of prosecution.

At Camden, New Jersey                            s/ Noel L. Hillman
                                                   NOEL L. HILLMAN, U.S.D.J.