```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TIMOTHY A. HORNE,

    Plaintiff,               1:16-cv-05620-NLH-AMD

    v.                         **MEMORANDUM**
                              **OPINION & ORDER**

CHERRY HILL OFFICE OF THE
FEDERAL BUREAU OF
INVESTIGATIONS
CUSTODIAN OF RECORDS, UNITED
STATES, SPECIAL AGENT VITO
ROSELLI,

    Defendants.

**APPEARANCES:**

TIMOTHY A. HORNE
000249663C
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302

    Appearing *pro se*

KRUTI D. DHARIA
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

    On behalf of Defendants

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Timothy A. Horne had filed a complaint raising claims under the Freedom of Information Act, ("FOIA"), Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,

403 U.S. 388 (1971), and the Federal Tort Claims Act, ("FTCA"); and

WHEREAS, on May 21, 2020 (Docket No. 44), this Court dismissed Plaintiff's Bivens and FTCA claims, but the Court permitted Plaintiff's FOIA count to proceed,[1] and the Court directed the Clerk to reinstate Plaintiff's motion for a Vaughn index[2]; and

WHEREAS, on December 15, 2020, this Court issued a Memorandum Opinion and Order to Show Cause with regard to

---

[1] The FOIA count proceeded because Defendants had not moved to dismiss that count.  The Court noted, "According to Defendants' moving papers: 'The FBI is reviewing Plaintiff's FOIA request again and intends to release some pages of the documents he requested by March 30, 2018.  The Government requests that Plaintiff inform the Court within 30 days of receipt whether he is satisfied with the disclosure or whether he intends to proceed with his FOIA claim.'  ECF No. 34-1 at 7 n.1.  As no request to dismiss the FOIA claim has been filed, the Court presumes Plaintiff intends to proceed on his FOIA claims."  (Docket No. 44 at 2 n.1.)

[2] A Vaughn index is designed to "transform a potentially ineffective, inquisitorial proceeding against an agency that controls information into a meaningful adversarial process" by identifying each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption.  The justification for withholding provided by the agency in a Vaughn index may take any form as long as the agency offers a "reasonable basis to evaluate [it]s claim of privilege." Abdelfattah v. U.S. Dept. of Homeland Sec., 488 F.3d 178, 183 n.3 (3d Cir. 2007) (quoting Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 984 (3d Cir. 1981); Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).

2

Plaintiff's "MOTION Pursuant to Vaughn" (Docket No. 7), which requested "a detailed justification for allegations contained in the Defendant's previous Administrative denial that the requested documents are exempted from disclosure under the FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq[.], including an itemization and index of the documents claimed to be exempt, correlating specific statements in such justification with actual portions of the requested documents" under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973); and

WHEREAS, on June 3, 2020, Defendant had represented to the Court the following regarding Plaintiff's motion for a Vaughn index:

> On February 22, 2018, the FBI sent Plaintiff the documents he requested through FOIA, and re-sent the documents to him in October 2018. To date, we have not heard from Plaintiff as to whether he is dissatisfied with the release of documents. Because Plaintiff has not raised any issues with the FBI's production in more than the two years that have passed since the FBI first provided its response to his FOIA request, it appears that he is satisfied with the production. We therefore respectfully ask the Court to dismiss his request for a *Vaughn* index as moot and close this case.

(Docket No. 46); and

WHEREAS, the Court noted that Plaintiff's last contact with the Court was a May 13, 2019 letter, in which he requested clarification on the status of his case and his pending request for default judgment; and

3

WHEREAS, since that time, the Court denied Plaintiff's motion for default judgment on October 21, 2019 (Docket No. 42), and granted Defendants' motion to dismiss on May 21, 2020 (Docket No. 44, 45), to which Plaintiff did not file an opposition or any other response; and

WHEREAS, the Court found in its December 15, 2020 Opinion and Order that it was unable to assess Plaintiff's motion for a Vaughn index without Plaintiff's response to Defendant's February 2018 and October 2018 document productions and his active participation in his case; and

WHEREAS, the Court denied without prejudice that "MOTION Pursuant to Vaughn" and ordered that Plaintiff was to show cause within 20 days as to why the remaining count in Plaintiff's complaint for a violation of FOIA should not be dismissed for lack of prosecution; and

WHEREAS, the twenty-day deadline expired on January 4, 2021, but to date, Plaintiff has failed to respond to the Court's Order to Show Cause or otherwise contact the Court; and

WHEREAS, in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit outlined the following factors that should be considered prior to dismissing a case: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

4

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense; and

WHEREAS, the Court finds that Plaintiff's failure to respond to the Order to Show Cause demonstrates: (1) Plaintiff is personally responsible for his inaction as he is acting *pro se*; (2) Defendants are prejudiced by a civil action pending against them that Plaintiff fails to prosecute; (3) Plaintiff has failed to contact the Court or otherwise appear in this action since May 13, 2019; (4) it appears that Plaintiff's inaction is intentional, as there is no indication that this Court's Order to Show Cause was not successfully transmitted to Plaintiff; (5) no sanction other than dismissal would be effective based on Plaintiff's failure to respond to this Court's Order or Plaintiff's failure to pursue his case; and (6) without Plaintiff's response to the Order to Show Cause, this Court cannot assess the merit of Plaintiff's remaining claim for a Vaughn index;

WHEREAS, this Court finds that the Poulis factors weigh in favor of dismissing Plaintiff's case;

5

THEREFORE,

IT IS on this   5th   day of   April  , 2021

ORDERED that Plaintiff's complaint for a violation of FOIA be, and hereby is, DISMISSED for lack of prosecution; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

6